UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VIRGIL EUGENE GRIFFIN, <br><br> Plaintiff, <br><br> v. <br><br> RON NEAL, et al., <br><br> Defendants. | CAUSE NO.: 3:24-CV-3-TLS-JEM |

**OPINION AND ORDER**

Virgil Eugene Griffin, a prisoner without a lawyer, filed a complaint against three defendants alleging that he has been subjected to unconstitutional conditions of confinement at the Indiana State Prison. ECF No. 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In December 2021, Griffin was moved to administrative segregation in D-Cellhouse. ECF No. 1 at 2. He asserts that D-Cellhouse is overrun with mice and that he endured a mouse infestation for a year. *Id*. at 2–3, 6. Griffin asserts that Officer Chelsea Grahm assigned him to a cell where the ventilation system was soiled with debris and mice feces and would not provide him with cleaning supplies. *Id*. at 3. He attempted to clean his cell with a piece of cardboard, but dust particles and mouse waste caused him to choke and have chest pain. *Id*. He was later able to

clean his cell using his own soap and toilet paper to the point where he could sit and sleep in his cell. *Id*.

Griffin asserts there was a hole in the wall at the back of his cell near the base of the toilet where mice entered his cell and D-Cellhouse. *Id*. at 3–4. The mice flooded freely into his cell and there was no limit on the number of mice that entered his cell. *Id*. at 4. Griffin also contends that mice often congregated on the ranges and climbed onto food trays before inmates received their meals. *Id*. at 5. As a result, he has eaten food containing mouse fur. *Id*.

Given the situation, Griffin wrote a letter to Warden Ron Neal about the mice infestation and the hole in his cell. *Id*. at 4. Warden Neal forwarded the letter to Major Douglas Wardlow, who returned the letter to Griffin and did nothing to correct the problem. *Id*. Griffin filed grievances about the infestation and was told an outside sanitation company had been hired to clean D-Cellhouse. *Id*. at 5. However, he asserts Major Wardlow would not permit the sanitation company to enter D-Cellhouse. *Id*.

As a result of the mice infestation, Griffin asserts his breathing and lung conditions, which include asthma and sinus symptoms, became more acute. *Id*. at 2, 5. He states his mental health conditions entailing depression and psychosis worsened because he began to have delusions of mice jumping in his face and could not sleep. *Id*. at 2, 6. Griffin seeks money damages and injunctive relief. *Id*. at 1, 7–8.

Griffin asserts that Warden Neal, Major Wardlow, and Officer Grahm subjected him to unconstitutional conditions of confinement because they knew he was housed in a cell that was infested with mice and did nothing to address the problem. *Id*. at 3–5. The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In

evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation, *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (cleaned up); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (finding that an inmate, who complained about severe deprivations but was ignored, established a "prototypical case of deliberate indifference"). Giving Griffin the favorable inferences to which he is entitled at this stage of the proceedings, he has stated plausible Eighth Amendment claims for money damages against Warden Neal, Major Wardlow, and Officer Grahm.

Griffin has also sued the defendants in their official capacities seeking injunctive relief. ECF No. 1 at 1. A state prison official can be named in an official capacity on a claim for prospective injunctive relief, but only if there is an ongoing constitutional violation. *Marie O. v. Edgar*, 131 F.3d 610, 615 (7th Cir. 1997); *see also Rasho v. Jeffreys*, 22 F.4th 703, 712 (7th Cir. 2022) (outlining the limited forms of injunctive relief available in the prison setting). Griffin

3

alleges he was subjected to unconstitutional conditions of confinement for one year while he was housed in administrative segregation in D-Cellhouse. ECF No. 1 at 6. Because the complaint does not allege an ongoing constitutional violation, he cannot proceed on a claim for injunctive relief against the defendants in their official capacities. *See Marie O.*, 131 F.3d at 615.

Griffin is not proceeding in forma pauperis. Therefore, the Court will not serve the defendants pursuant to 28 U.S.C. § 1915(d). Rather, it is Griffin's obligation to serve the defendants with a copy of the complaint and this screening order as provided by Federal Rule of Civil Procedure 4.

For these reasons, the Court:

(1) GRANTS Virgil Eugene Griffin leave to proceed against Warden Ron Neal, Major Douglas Wardlow, and Officer Chelsea Grahm in their individual capacities for compensatory and punitive damages for being deliberately indifferent to the mouse infestation in his cell at the Indiana State Prison, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the Clerk of Court to sign and seal summons for Warden Ron Neal, Major Douglas Wardlow, and Officer Chelsea Grahm, and send them to Virgil Eugene Griffin; and

(4) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden Ron Neal, Major Douglas Wardlow, and Officer Chelsea Grahm to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 12, 2024.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT